Ms. Clerk, will you call the next case, please? 3-11-0228 Marriage of Murugesh Okay, Ms. Burke Good morning, may it please the court. My name is Shannon Burke from the law firm of Schiller, Ducanto, and Clef, LLP. With me at table is Tim Dodd, he's a partner at our firm and he was trial counsel in this case. I represent the respondent, Murugesh Kasalingam, and we are here before this court on a supervisory order from the Supreme Court of Illinois, directing this court to allow leave to appeal and answer the following certified question. Where citizens and domiciliaries of India were married in India under the Hindu Marriage Act of 1955, but are currently living in Illinois, where grounds for divorce and or dissolution are alleged to have arisen in both the state of Illinois and the country of India, and that proof of those grounds would be located in each jurisdiction, and the husband filed his divorce action in India before the wife filed a petition for dissolution of marriage in Illinois, where both courts have personal and subject matter jurisdiction over the respective proceedings, and where the India court, according to the Hindu Marriage Act of 1955, asserts exclusive jurisdiction to divorce parties married according to Hindu law, such that India would not recognize an Illinois judgment of dissolution in a contested case. Should the Illinois case be dismissed pursuant to 735 ILCS 5-2-619A3 and or the doctrine of nonconvenience, principles of comedy, and the Illinois court's exclusive opportunity to avoid duplicative litigation. So moving on to that, in that issue we have a number of facts that are set forth as premise for this issue. And the first one is looking at 735 ILCS 5-2-619A3. And in there a defendant may file a motion for dismissal of the action upon the following grounds. That there is another action pending, for the same cause, and between the same parties. And I don't think that there is much dispute that those three here are met. There was another pending action. Within the certified question, Murugesh did file two days before Deepa filed in Illinois. It's between the same parties. It's Deepa and Murugesh, alleged in both actions, and it's for the same cause. Both actions are seeking a divorce. Deepa is seeking a dissolution in Illinois, and Murugesh is seeking a divorce in India. It is irrelevant that the grounds are different in Illinois and India, and it is irrelevant that the relief that they seek is different. So I think under 619A3, all of those factors are met here. However, this court's analysis can end at that point. You do not have to go any further according to Kapoor and then Midas, a very recent case from the Illinois appellate court. This court can end its analysis right at that point. However, the Kellerman case says that you can go beyond those three factors in 619A3 and look at other factors as well, such as comedy, prevention of multiplicity, vexation and harassment, likelihood of obtaining complete relief in a foreign jurisdiction, res judicata, and I will start to go through all of those. Okay, comedy is keeping deference to the laws and judicial decisions of other jurisdictions out of deference, and really what this factor looks at are weighing the interests between the two countries. And here I think that I set forth in the undisputed facts within the certified question that India has a much greater interest in this case. The parties entered into, they were born in India, raised in India, they entered into an arranged marriage in India, the parties had been making plans throughout their marriage to return to India. Two months before all of this occurred, Deepa was actually talking to Murugesh about enrolling their daughter within an India boarding school, the parties intended to go back to India, and the grounds for the dissolution in India arose in India. As set forth in more detail in the briefs, the basis, the impetus for the divorce, Murugesh learned of an affair that Deepa was having in India with an Indian citizen, and all of the medical records, all the parties, the landlord who can attest to the relationship, all of those witnesses and documents are set forth and remain in India. Therefore, India has a significant connection with this case. It cannot be denied that Illinois also has an interest, otherwise we wouldn't be here and 619A3 would not be applicable because it only applies when both places would have jurisdiction. So Illinois has an interest, however the question is whether Illinois' interest outweighs the purpose of 619A3, which is to avoid the duplicative litigation. And simply, the court has recognized in Continental that simply because Illinois has some type of interest does not mean that the motion to dismiss cannot be granted. The next issue that this court, the next factor that this court can consider is the prevention of multiplicity, vexation, and harassment. Multiplicity. The purpose of 619A3 is to avoid duplicative litigation. So it goes without saying that by granting a motion to dismiss, you prevent multiplicity because one of the actions goes away. And I want to emphasize that if the Illinois action were to disappear, sending DIPA back to India to continue to litigate, and I want to stress continue to litigate, as the trial court did in this case, because the India action has been proceeding for quite some time. In fact, they are near completion. They were supposed to be completed by May of 2011, and here we are in 2013 still arguing in Illinois. But India would have concluded in 2011, and that's because it's been going on for a long time. DIPA has appeared by a proxy. DIPA has tried to dismiss the India action. She's appealed it to the Appellate Court, to the Supreme Court. She's responded to all of Murugesh's petitions. So the case would continue in India. Looking at vexation and harassment, Murugesh filed first. That's undisputed. That's within the certified question. Two weeks? Or two days? Two days. Yes, that's correct. And under A.E. Staley, the court does recognize that who files first is not dispositive of this. However, the MIDAS court, just at the end of March, March 27, I think it's the first district, Illinois Appellate Court, reiterated that same concern to say even though it's not dispositive, it's still an issue of who filed first. Does it make a difference if it's two days or two years? I think that two days versus two years, it would make a difference in terms of how you consider these factors of what type of proceeding had been going on in the other jurisdiction. But as far as A.E. Staley goes, there was not a distinction made in the length of time. Also, the filing in India was not a surprise to DIPA. Murugesh learns of the affair on January 30, 2009, and immediately, pursuant to the Hindu Marriage Act, under which the parties were married, they start to negotiate between themselves because they're distant, related cousins. And so their families start to negotiate. So for a month, they're going back and forth, under the Hindu Marriage Act, negotiating a mutual consent divorce. After there was a confrontation of criminal assault perpetrated against Murugesh's family, that's when, enough, negotiations are over, we're going to divorce. Murugesh tells DIPA, personally, sitting in a Panera here in Illinois, that they're going to be filing in India, and that it's coming. So DIPA knew that this was coming. DIPA argues that one of the ways that this is harassment is that Murugesh has refused to pay her Indian attorney's fees. I would like to briefly respond to that. The reason of the refusal to pay for her Indian attorney's fees is because the Hindu Marriage Act also allows the court in India to pay for attorney's fees when appropriate. Arrest and possible prosecution. That goes out throughout the brief. But as our motion to supplement the record shows, that there are no longer criminal proceedings against DIPA for her alleged bigamy and for her affair. That was my question, I'm sorry. Yes. I think that within that order, it indicates that they can refile if appropriate. I can verify, though, I spoke with my client, nothing has been refiled up until this second. The potential is there. But the potential remains there. But I think that what we're talking about now really highlights why this is a problem to say, but the potential's there. Is it going to happen? Is it not? And that's exactly what this court in International Games says you're not supposed to do. Because the world is our oyster. There's a limitless amount of possibilities that could happen here, and you're not supposed to speculate what can happen in a motion. But they've already taken out charges once. They have taken out charges once, that's correct. So the next issue is likelihood of obtaining complete relief in the foreign jurisdiction. Mortgage cannot obtain any relief in India, because India will not recognize an Illinois divorce as set forth in the certified question on irreconcilable differences. Mortgage cannot obtain complete relief here in Illinois. But mental cruelty has also been asserted as a grounds here in Illinois. That is correct. And that is a grounds in India. That is a grounds of India. But with the mental cruelty, I would propose, too, that a lot of the evidence that's going to go to those grounds is going to occur in India of what was occurring, the alleged affair, alleged bigamy, Marisha's reaction. All that evidence is located in India. Let me ask you a question. Does the dissolution proceeding in India include custody decisions with regard to the child? So this is how the India proceeding works. Moragesh filed his initial proceeding, and that was strictly for divorce in India. And then as is customary under the Hindu Marriage Act, you file supplemental petitions, which he's done, regarding property and custody. So the India court will address all those. But as far as the initial pleading, it was just for divorce. But the Illinois court contends that it has exclusive jurisdiction over the child, and presumably would not recognize any custody decision that was made in India. So doesn't that cause you a problem? No. I can tell you why, for numerous reasons. And going to your concurrence, too, in the previous time that you were here, I know the court was very concerned about the UCCJEA and how that plays out and how that affects this case. The first thing that I will say about the UCCJEA is that it's undisputed that Saruthi, the daughter, the minor child, has been living in Illinois, and that under the UCCJEA, Illinois would be her home state. However, the issue then becomes, within the certified question, the certified question presupposes that India has jurisdiction over the parties, including their daughter. So India does have jurisdiction to address the custody issue. How does India have jurisdiction over the child? According to India, they do. India has jurisdiction also over the child to decide a child custody issue in this case. So India has already decided it has jurisdiction. I'm sorry. Isn't that a jurisdiction over the parents? No. Well, go ahead. I'm sorry. I'm probably reciting Illinois law rather than thinking about Illinois law. Right. No, it's counterintuitive to us. And I think that if you look at Exhibits 26 and 27, those are the trial court and the appellate court. If you want to read them in full, I can briefly tell you what they say. And that there the trial court is deciding that it does have custody over the parties in order to do the dissolution action, then it also has jurisdiction to also address the custody issue. And in the certified question, it also indicates that both parties have jurisdiction in this case, which would also include custody jurisdiction as well. If I understand you correctly and if I understood the briefing correctly, finding that India has jurisdiction under the factors would therefore let India decide the custody question. Correct. Right, that India would be able to decide. Because of their decision that we've got jurisdiction over everything, including custody. Correct. That's your position. Right. India has jurisdiction to decide everything. OK, going back to the UCCJEA question. Just one quick question, as long as we've had a diversion here. Is the child, is it Sruthi? Sruthi. A citizen of India? I do not know if she is a citizen of India. I would have to verify that. I mean, we know she's an American citizen. We know she's an American citizen. And I would want to verify that, but I believe that the trial court in India also said that Sruthi, because her father and because her parents are both citizens still of India, that she is also a citizen of India. Going back to your UCCJEA, you have to decide, and later, when we're talking about enforcement, if we get an enforcement under UCCJEA custody jurisdiction, you decide later under the Akula test or the Akula case. Once India decides it has jurisdiction and makes a decision, and we're deciding in Illinois to enforce it, that's when you look at whether or not the way that India went about deciding it comports with here in Illinois. So it's too early to decide right now whether or not what India would do with the custody jurisdiction issue is correct or incorrect. We're not at that point yet. We have to wait until the India decision comes down. But even assuming that the concerns that this court has expressed previously are correct, you can break apart the custody from the dissolution. And under the factors here, that did not weigh in one way or another. But you can break it apart and still allow the motion to dismiss to occur. Briefly, I would just like to point your attention to MIDAS International Corporation. That's 2013 LF 122048, March 27, 2013 case. It's brand new, coming out of the first district, basically reaffirming all the things we talked about in our brief of what you're supposed to consider on a 619 and going in our favor. And then the other issue I'd just like to say is form nonconvenience. For the reasons stated in my brief, this was also before this court on the certified question. You're looking at private interests, public interests, and for the reasons stated in the brief, form nonconvenience also requires that this case is dismissed. Thank you. Thank you, Ms. Burke. Mr. London. Good morning, Your Honors. Here we are again. And I say that because it seems to me that the appellant is re-arguing something that is the law of this case. If anything is the law of this case, it's that it was proper for the trial court to enjoin Murray Gesch from proceeding with his India action on the ground, among others, that Illinois has exclusive jurisdiction to decide child custody. There was a split decision, and Justice Linton had a number of factors citing as justifying the dismissal. Justice McDade held that Illinois' exclusive jurisdiction under the UCCJEA warranted affirmance of the injunction. But when you take the two together, Justice Linton and Justice McDade, you clearly have a majority making that decision. That is the law of this case. Counsel can't stand here today and argue that it is proper for Murray Gesch to proceed. Well, the supervisory order merely ordered this court to answer the question. It didn't tell it how to answer the question. This court happened to answer that aspect of the question, which, by the way, is not presupposed within the certified question. If you go through the certified question, as I've argued in my brief, the only answer to the certified question is no, because everything in the certified question is necessary but not sufficient for dismissal. For example, the mere fact that some of them are just nondeterminant. For example, the fact that the parties are citizens or, quote-unquote, domiciliaries of India. That doesn't require dismissal. The fact that they're currently living in Illinois, and the facts have shown that they've only lived as a married couple in Illinois since 1999. That there are grounds for divorce in both Illinois and India. That doesn't require dismissal. That there is proof of grounds in each jurisdiction. That doesn't require dismissal. And, in fact, Justice McDade asked a question about mental cruelty. The fact is, in Murugesh's pleadings, he alleges that, in India, he alleges that the mental cruelty by Deepa started from the very beginning of their marriage. So if you go from 1999 until their separation in 2008, you have nine years of evidence of mental cruelty according to him. So, by his own allegations in India, there's very substantial evidence of grounds he alleges, which are recognized in India as a basis for divorce, in Illinois. The fact that he filed first in India, whether it's days or anything, is not determinative under 2619. The case law is clear on that. The fact that both courts have personal and subject matter jurisdiction, according to the question, doesn't require dismissal. So, if India didn't have jurisdiction, personally or subject matter, then there wouldn't be any question. To answer Justice McDade's question, the fact that India, even if we concede here, or even if this court determined that India could properly assert subject matter jurisdiction over a divorce, that doesn't mean that it could have jurisdiction to decide child custody. There's a difference between subject matter jurisdiction in general, which is to decide the type of matter, as opposed to jurisdiction which may be limited by a statute, which in Illinois says, even if an Illinois court has subject matter jurisdiction to decide child custody, it can't exercise that jurisdiction, except in certain limited circumstances, and it will not recognize a decision by another state or foreign country, which does not comport clearly, as already is the law of the case. That can't happen. I could also note that under Illinois law, a child custody case under Section 601 is started by filing a petition for dissolution of marriage, which asks for child custody. So, the child custody request is part of the petition, the claim for dissolution of marriage, part of the petition for dissolution of marriage, and it would be inappropriate to dismiss a claim which can only be exclusively determined by Illinois, so that Murigesh can proceed to litigate a prosecutive petition for dissolution, which he's already been enjoined from prosecuting for all of the reasons stated in this court's decision, which is the law of this case. And the fact that India says that it is the only court in the world that has jurisdiction to divorce these parties is not binding on an Illinois court. Certainly, we know that Illinois, because the question presupposes it, has subject matter and personal jurisdiction to divorce the parties. It's a given in the question. The India court's assertion is contradictory to part of the question. Certainly, India can't decide for this court whether this court dismisses or not, based on 2619. Any questions at this point? You talked about the law of the case. Yes. What about the finality of the order? This court, yes. And their injunction. Well, first of all, there is authority in the law of the case, and that's what they've argued in their reply brief. But if you look at the case law, there is a specific case holding that a preliminary injunction, even by the trial court if not appealed, becomes the law of the case because there's no appeal. But in this case, the final order is this court's order. We're not saying that an interlocutory order in the trial court governs future actions in the trial court. We're saying that a final order of this court, which was appealed to the Illinois Supreme Court, the Illinois Supreme Court denied leave to appeal, denied motion for reconsideration and filing another reconsideration of that leave to appeal, this court's appellate decision is as final a decision as you can get. And that controls everything that the trial court does, and it also controls everything in the future. Otherwise, every time a case comes before the court, the court will just say, well, that doesn't mean anything. We're going to decide it all differently. So we do have a final order. That's this court's order. Any other questions so far? How much time do I have, by the way? You have several minutes. Okay. So getting to what the court, once we move beyond the certified question, if this court does, this court doesn't have to because under Rule 308, you're asked a certified question. The answer is no. And that could be the end of it, in which case the case goes back to the trial court, and we proceed with the case. If your honors decide to go beyond the certified question, which you have the authority to do, if you feel that equitable considerations dictate that and you cite a case law to that effect, then you can consider the other factors which the court could have considered, did consider, and which are relevant to the court's discretion because the decision to grant or deny a motion to dismiss under 2619A3 is within the trial court's discretion. And counsel, understandably, it's pretty hard to reverse an exercise of discretion, given the standard of no reasonable person could have done as the trial court did. Well, there are so many reasons, as your honors' prior decision indicates, so many reasons why it was appropriate for the case and is appropriate for the case to stay in Illinois and for the Illinois case not to be dismissed. We can include the fact that the parties have lived in Illinois exclusively as a married couple, that they have a child who's 12 years old who lives in Illinois in Will County. Putting aside all the criminal issues, and I'll touch briefly on that, in India, there's an incredible burden for people who live here to have to travel to India to litigate, as witnessed by the fact that Mr. Murugesh himself filed an affidavit in India saying, it's impossible for me to come there, I'm too busy here, I have business, I can't take the time, my father will fight for me. So what you have going on in India is a battle of proxies, drones, everybody has their drones and they're directing them. And by the way, the case in India is not almost done, it's nowhere near being done, because as Murugesh accused Deepa in India of stalling there. So nothing's really happened in India. And the same argument can be made, had Murugesh not filed his motion to dismiss and dragged this case on for two years, the case in Illinois would have been done. So I don't think that that really means anything. I do want to touch on the criminal issue because that was one of the points, not the only point, but one of the points in the first decision in this case, and that is, A, as we pointed out in our response to the motion, Deepa's mother's complaint was withdrawn without prejudice, with leave to file in the proper form. The complaint by the father was dismissed, but with leave to refile a proper complaint by the proper person. There's also one that hasn't been dismissed, and that was noted, that's the non-bailable offense complaint, the assault complaint that was filed by the father, and which is still pending. There's no indication that that's been dismissed at all. And I would suggest that given the passion with which the Murugesh family in India have attempted to seek the prosecution of my client, that there's no question that she faces not only an existing prosecution, but very real threat of more, which is part of the oppression that she would avoid if this case is litigated specifically in Illinois. Briefly, I want to touch on form non-convenience. Counsel cited a case in their reply brief, the Ricard case, and that's a French case. It's not a French case, but it's an Illinois case dealing with French citizens. And they cite that case for a different principle, but what that case shows is Illinois, the Illinois public court affirmed the granting of a form non-convenience motion to dismiss an Illinois case in deference to the wife's case that was filed in France. The court emphasized in that case that the wife lived in France, and it would have been unduly inconvenient for her to have to travel to the United States to litigate.  And for the same reason that it was proper to have the case in Ricard heard in France, it's proper to have the case, in this case, heard in Illinois. The Ricard case cites the Mather case, which affirmed the dismissal of a Cook County case, which the husband filed and the wife lived with two kids in DuPage. And the court in that case emphasized the inconvenience of the wife having to travel an hour and three quarters from DuPage County to the Daly Center and found that that was one of the factors which justified having the case be heard in DuPage. Well, it's a lot more than an hour and three quarters from Chicago to the courthouse in India. And it seems to me that if you apply all of the case law involving form non-convenience, that even if counsel can get up here again and make arguments as to why it's convenient for the parties to litigate in India, even though there isn't any, it's clear that the trial court did not abuse its discretion in determining that form non-convenience did not require dismissal. And the standard of the test to set forth in the Ricard case is that Murugesh would have to show that his choice of a form is substantially more appropriate than Illinois, given Illinois' interest in deciding a divorce case of people who live in Illinois, they have a child in Illinois, the business is in Illinois, the home is in Illinois, most of the money is in Illinois. All of those factors, it's inconceivable to conclude that India has a more substantial interest than Illinois has. I think that if you, as I set forth in my brief, given Illinois' strong public policy in having cases decided without regard to merit or misconduct, divorce in Illinois is not to punish somebody for something they allegedly did, but to decide what is fair in the best interests of the parties and especially minor children. Illinois is the only state that has a strong interest in that. Any order entered in this case will be felt in Illinois, first and foremost. Any order regarding the child will be felt in Illinois. Any order in India would be problematic in terms of enforcement, in terms of any of those things involved in management of the case. If you want emergency relief, where do you go? When Murray gets one of the emergency relief, he filed for an O.P. in Gould County. Thank you, Your Honors. We ask for your comments. Thank you, Mr. Levin. And Ms. Burke? I will briefly reply to some of counsel's points. First, he talked about the law of the case, and I would direct this Court's attention to the Commonwealth case. The law of the case does not apply here. First of all, counsel, and I think you can see in the briefs, it's talked about a lot, is trying to go beyond the certified question. The certified question says to answer the question and gives certain undisputed facts to go along with that. And so the law of the case here is inapplicable. The Commonwealth case looks at motions to dismiss, and you're a right judge, about being an interlocutory order. And that's why we're here before on a 306, because it's an interlocutory order. It's not a final order. And beyond that, in Commonwealth, the 1st District had decided a matter while another action was still pending on appeal, and the Court said that made it interlocutory, it wasn't a final order. That's what we have here. This Court decided the injunction, which is a completely different standard, a completely different case, while this appeal was still pending. Therefore, the law of the case does not apply. First of all, and our next point, Council was talking about if you go through these facts and you apply them to this case, therefore, the other side wins. That's not what the question presented and said. The question says, should this Court grant relief? It doesn't say, must this Court grant relief at looking at these factors. It says, should this Court? And based on those factors, yes, this Court should. I was going to go to UCCJEA, but I think we'll save that last because we had lots of questions before. Going beyond... Okay, going through the facts of this case, I want to touch upon Council's comment that there are drones in India and that they're proceeding by proxy. And there's a lot of discussion about, well, in India, they're doing this, and in India, they're doing that. This Court is not a court of review to decide whether or not what India is doing is proper within India. India has already decided that India is the most convenient jurisdiction and the most convenient forum. India, knowing full well where the parties have to travel, knowing full well that there's going to be proxies, has already said, India is the most convenient place. And so I don't think we can sit here and judge them on whether or not they're making the proper decision that's convenient for DIPA and mortgage to litigate in India. Are we then subject to their decision, absolutely? No, I don't think that we are subject to their jurisdiction. But I'm saying that as far as determining, is it unreasonable in India to have to travel five hours? India says it's not. Here in Illinois, the bottom of Illinois is farther than five hours. You're going to make some parties travel here. And so I think that when India is weighing on that, I definitely think that India's thoughts and holdings of whether or not you can proceed in India is proper. And also, as far as counsel giving a lot of facts of why it would be unjust to make DIPA go back, I just want to reiterate, parties were born and married in India. They agreed to be bound by the Hindu Marriage Act. They have property there. They have substantial sums of money there. All their families are there. And I think that the fact that this has been going on for a number of years, and DIPA was able to participate so extensively, belies her claim that it's inconvenient to participate in India. It was so inconvenient that she was able to go to the India Appellate Court and to the India Supreme Court. And as far as going back, again, to the issue of the order of protection, Mogesh has been faulted for filing an order of protection here in Illinois. The Domestic Violence Act is separate and distinct from a dissolution action. He was entitled to go to Illinois and to seek protection under the laws of Illinois. The filing of the order of protection did not require him to file all further proceedings under Illinois, especially where India has jurisdiction of his case. Going back now to the UCCJEA, this is one claim. This is a divorce action. These other ancillary claims under Liapano are just that. They're ancillary. The question is, thank you, whether or not the dissolution action should be dismissed. And it should. We talked a little bit about, in my initial argument, about whether or not a decision from India would be applicable here in Illinois, and if Illinois retains exclusive jurisdiction. And I just want to stress again, under the marriage versus ACULA case, you look at whether or not what India has done and when it makes its decision, what factual and procedural circumstances surrounded an India decision to decide then if it applies in Illinois. And we're not there yet. We don't know what India has done in order to determine if it substantially purports with Illinois justice. So for the following, yeah. I have a question. I'd like to explore just for a minute the parameters of duplicative litigation. Your client cannot get complete relief. Is that correct, in an Illinois court? Correct. So are the two cases duplicative? Well, they are duplicative in the sense that they are both asking for a divorce. And I think that the entire purpose of 619 is to avoid this duplicative litigation. And that's why we have motions to dismiss, where there is a pending action, same parties, same cause. My question is, are they really duplicative? Yes. Yes, they are duplicative in the sense that they do, again, request some of the same relief. Some of the same relief. But your client would not be able to take the Illinois divorce and have all of the relief that he's looking for. That is absolutely correct. He could not take the Illinois judgment based on irreconcilable differences and obtain a divorce in India. That would not be allowed. India will not recognize that. India would recognize it if mental cruelty were proven. We haven't gotten there yet. They expressly prohibit on irreconcilable differences. They do not expressly prohibit the mental grounds. And so I can't answer for sure whether or not India would or would not recognize, based on whatever factors Illinois has. But it's not expressly prohibited like it is with irreconcilable differences. Thank you. Any other questions? Thank you. Thank you, Ms. Burke. And thank you both for your argument today. We will take this matter under advisement. Get back to you with a written disposition within a short time.